## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**Plaintiff,**<br><br>v.<br><br>WALTER R. PIERLUISI-ISERN, et als.<br>**Defendants.** | CIVIL: **3:24-cv-01334-CVR**<br><br>Title 28 U.S.C. § 3304<br>18 U.S.C. § 3664(m)(1)(A)(ii) |

**URGENT MOTION FOR AUTHORIZATION TO PROCEED WITH THE SALE OF ASSETS AND CONSIGNMENT OF FUNDS IN COMPLIANCE WITH THE RESTRAINING ORDER AND RESTITUTION EFFORTS**

### I. INTRODUCTION

Pier Property Management Inc. ("PPMI") represented by the undersigned counsel, respectfully submits this Urgent Motion for the Authorization to Proceed with the Sale of certain Assets and the Consignation of the sales proceeds to protect the company's financial interests, enable the payment of the Restitution, maximize asset value and protect both the Co-Defendant's and the Federal Governments financial interest.

This motion seeks Court approval to finalize the ongoing closing of the Option to Purchase contract dated June 6, 2024, which was programed to close on or before August 15, 2024, and was halted by the presentation of the Complaint. The transaction

involves the sale of a real estate property owned by PPMI, which is known as Hatillo Shopping Village. The approval of this sale is necessary to fully repay the first priority mortgage on the property as well as a $800,000 loan owed by PPMI to American Management & Administration Corporation ("AMAC"), whose funds shall be used to reduce AMAC's Restitution. The completion of the proposed sale will produce an immediate payment of $800,000 to the Federal Government and is essential to avoid potential collections and legal actions that would have the effect of depreciating, damaging, or diminishing the value of any property either real or personal.

PPMI is currently facing unfounded allegations of fraudulent transfer under Title 28 U.S.C. § 3304 and 18 U.S.C. § 3664(m)(1)(A)(ii), brought by the United States Government ("Government"). The Government alleges AMAC is insolvent and that transactions between PPMI and AMAC were made with the intent to defraud creditors. These allegations are false. Furthermore, PPMI asserts that these transactions were conducted in good faith, with the express purpose of preserving property value, facilitating property management, and enabling the repayment of the Restitution, as part of an asset protection plan. AMAC, in good faith, requested PPMI to settle its current loan with AMAC as soon

as possible and PPMI is currently able to do so through the proposed transaction.

The Federal Government has been informed by AMAC of the intention to sell Hatillo Shopping Village to produce a payment after the satisfaction of the recorded first priority mortgage held by Popular Mezzanine Fund ("Popular") to secure certain Loan Forbearance Agreement granted to AMAC and PPMI as co-borrowers. The proposed transaction will result not only in an $800,000.00 payment to the Federal Government in short order but also will enable the release of various real estate properties that now serve as collateral under the Loan Forbearance Agreement with Popular Mezzanine Fund, which would further improve AMAC's and Walter Pierluisi-Isern's capacity to fulfill the restitution obligation established in criminal case **3:23-cr-00148-CVR-1, as well as other obligations,** in a relatively short period of time.

## II. FACTUAL BACKGROUND

1. **Loan Agreement:** On May 16, 2023, PPMI entered into a loan agreement with AMAC for $800,000. The loan was executed in good faith to support priority debt repayment obligations in order to enable the extension and restructuring of the Popular

loan. Documentation of this agreement is available, including Resolution 1835[1], Contract 1844[2], and Promissory Note 1845[3].

2. **Option to Purchase Contract:** On June 6, 2024[4], PPMI executed an Option to Purchase contract for the sale of a real estate property. The contract specifies a 90-day closing period and an expiration date of September 4, 2024. The target closing date of the transaction was August 15, 2024. This sale is crucial for fulfilling the loan repayment and supporting AMAC's restitution obligations. The option was extended for thirty additional days[5] but we are looking to complete the closing process within two weeks after receipt of the Court's authorization.

3. **Popular Loan Forbearance Agreement:** On February 23, 2023, AMAC, PPMI, Mr. and Mr. Pierluisi-Isern and Popular entered into a Forbearance Agreement (as amended on December 14, 2023), which in summary extended the term of the loan, reduced interest rate and monthly payment and set forth the release price for the sale of PPMI real estate properties at certain minimum prices to facilitate the repayment of the loan in short order. The Loan Forbearance Agreement included a Judgment by Consent, which authorized Popular to proceed with

---

[1] See Attachment A – Resolution
[2] See Attachment B – Loan Contract
[3] See Attachment C – Promissory Note
[4] See Attachment D – Extension Option to Purchase
[5] See Attachment E – Appraisal

the foreclosure of the properties in the event of default by
borrowers. Since then, PPMI engaged a real estate realtor
and started marketing efforts aimed to sell the assets. As
a result, on June 6, 2024, PPMI was able to execute the Option
to Purchase Contract mentioned above. The anticipated real
estate sale will enable payment to significantly reduce the
Restitution amount owed and release additional real estate
properties currently securing a Forbearance Agreement to be
paid in full of the sales proceeds of the asset. This action
serves to demonstrate solvency and the capability to
facilitate an accelerated repayment of the debts. The
proposed transaction would then put AMAC in a better position
to satisfy the complete restitution imposed in the criminal
case in reference, along with co-defendants Walter Pierluisi-
Isern, David Velez Hernandez, and Eduardo Pierluisi-Isern

4. **Government Claim Interference:** The Government's complaint
   filing has disrupted the closing of the Option to Purchase,
   risking significant financial harm to PPMI, AMAC, and other
   parties involved, including Walter Pierluisi Isern.

### III. LEGAL ARGUMENT

1. **Authorization to Proceed with Sale:** The Court has the
   authority to authorize the sale of assets necessary for
   fulfilling legal and financial obligations. PPMI's proposed

sale is crucial for fulfilling the loan repayment obligations, supporting AMAC's restitution obligations, and disproving any alleged insolvency.

2. **Good Faith Transactions**: PPMI maintains that its dealings with AMAC were transparent and in compliance with applicable laws. It is further noted that neither the government nor any government authority issued any instructions, restraining orders, or limitations affecting AMAC or Walter Pierluisi Isern at that moment. The sale of the asset is part of an ongoing effort to better position AMAC and Walter Pierluisi Isern for the full payment of the restitution as established and should not be obstructed by the Government's erroneous claims, which have the potential of causing irreparable harm to the Defendant's.

3. **Preventing Irreparable Harm**: Failure to authorize the sale will cause irreparable harm to PPMI and AMAC, jeopardizing PPMI's financial stability and AMAC's financial stability as well as its ability to comply with restitution obligations. Allowing the sale to proceed will mitigate these risks and ensure compliance with the legal obligations of all Co-Defendants.

4. **Public Interest**: Authorizing the sale serves the public interest by ensuring that businesses can meet their legal and financial obligations, which, in this case, includes

compliance with restitution requirements tied to criminal proceedings.

## IV. REQUEST FOR RELIEF

WHEREFORE, Pier Property Management Inc., through its counsel, respectfully requests that this Honorable Court:

1. Grant authorization for the immediate closing of the Option to Purchase contract for the sale of the Hatillo Shopping Village real estate property referenced herein in the Option to Purchase, dated June 6, 2024.

2. Approve the consignment in the Court of the remaining funds from the proposed transaction, to fully pay PPMI's loan with AMAC which is being contested in the Government's complaint. The funds are to be held in the name of the United States Government and used to secure AMAC's and Walter Pierluisi Isern's compliance with restitution obligations.

3. Grant PPMI a 12-month term to complete the accelerated sale of the necessary assets which will place the WMP Trust, created by Walter Pierluisi-Isern in part for this purpose, in a position to pay the necessary amount owed to AMAC through valid transactions, so that AMAC can then be in a solid position to pay the full restitution imposed by the Honorable Court in case 3:2023cr00148 within a reasonable timeframe. Ensuring a swift and efficient resolution while preserving

asset value. We suggest all profits of the proposed transactions be consigned in the Court as the transactions occur until the full amount of the restitution is met. AMAC would still maintain additional loans thus securing its solvency in the future, in addition to the leveling actions it has against the other co-defendants that answer joint and severally in the case in reference, as well as different government entities and municipalities that owe money to AMAC.

4. Order the dismissal of claims against PPMI related to the alleged fraudulent transfers and the removal of any Lis Pendens placed on PPMI's assets, thereby allowing PPMI to proceed with its asset sale and the proposed repayment strategy. Additionally, order the dismissal of claims against the WMP Trust and any other corporations involved, along with the removal of any Lis Pendens on their assets, as each entity satisfies its loan obligations to AMAC through the WMP Trust.

5. Grant any further relief that the Court deems just and proper.

**WHEREFORE,** PPMI respectfully requests the Court's authorization to proceed with the sale of the real estate asset in reference and the consignment of the remaining funds in favor of the US Government to be applied to the restitution amount set in

case 3:23-cr-00148-CVR-1, or any other obligation the Honorable

Court may determine.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of September 2024.

> **s/** **Peter Díaz-Santiago**
> **Peter Díaz Santiago, Esq.**
> **USDC-PR No. 215104**
> PMB 301, PO Box 194000
> San Juan, PR 00919-4000
> Tel: 787-414-3214
> Email: pdiaz.notifications@gmail.com

**CERTIFICATE OF SERVICE:**

I hereby certify that this document was filed through the Court's CM/ECF system, which will automatically send a copy to all counsel of record.

**s/   Peter Díaz-Santiago**
**Peter Díaz Santiago, Esq.**
USDC-PR No. 215104