IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff, | ☆<br>☆<br>☆<br>☆<br>☆ | CIVIL ACTION NO. 24-cv-1334 CVR |
| v. | ☆<br>☆ | |
| WALTER PIERLUISI ISERN, ETC | ☆<br>☆<br>☆<br>☆ | 2024 DEC 27 AM11:40 |

RECEIVED AND FILED
OFFICE USDC PR

ANSWER TO THE COMPLAINT

Defendant, Walter R. Pierluisi Isern ("[1] WR Pierluisi"), Pro-Se, hereby submits its answer to the Complaint filed by Plaintiff, the United States of America. In doing so, "WR Pierluisi" addresses each specific allegation made by the Plaintiff and asserts affirmative defenses in accordance with the Federal Rules of Civil Procedures.

## I. JURISDICTION AND VENUE

1. "WR PIERLUISI" admits that this Court has jurisdiction over this action under 28 U.S.C. §1331,1345 and 3301-3307. "WR Pierluisi" also admits that venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## II. PARTIES

A. Planintiff

1. "WR Pierluisi admits the identification and capacity of the Plaintiff.

B. Defendants

"WR Pierluisi" admits the identification and relationships of the parties as described in the complaint with the corrections found below. Denies any implication that these relationships were used for fraudulent purposes.

1. Admitted.

2. Admitted, but clarify, she may claim an interest as property owner of 50% of [2] AMAC shares not as representative of AMAC. The AMAC representative (CEO) is Juan carlos Loubriel. Also , as co-owner of the conjugal partnership,

1

not as co-administrator.

3. Admitted

4. Defendant [3] Atardeceres del Yunque Inc ("[3] Atardeceres") is a corporation organized and registered under the laws of the Commonwealth of Puerto Rico, represented by its President, defendant [12] Marcia Beatriz Pierluisi Gonzalez-Coya("[12] MB Pierluisi") and its Vice-President, defendant [11] Walter S. Pierluisi Gonzalez-Coya ("WS Pierluisi"). [3] Atardeceres is wholly owned by defendant [9] Fideicomiso WMP. Atardeceres is not an insider as defined in 28 U.S.C. 3301(5).

5. Defendant [4] Pier Property Management Inc ('[4] Pier") is a corporation organized and registered under the laws of the commonwealth of Puerto Rico, represented by its President, defendant [11] WS Pierluisi. [4] Pier is wholly owned by defendant [9] Fideicomiso WMP. Pier is not an insider as defined in 28 U.S.C. 3301(5).

6. Defendant [5] PRG Affordable Housing Development L.L.C. (  "[5]PRG") is a limited liability corporation organized and registered under the laws of the Commonwealth of Puerto Rico, represented by defendant [11] WS Pierluisi as its President. [5] PRG is wholly owned by five individuals divided into equal shares these being defendants [11] WS Pierluisi,[12] MB Pierluisi,[13] P Pierluisi, [10] M Gonzalez and Mr Juan Carlos Loubriel. PRG is not an insider as defined in 28 U.S.C. 3301(5).

7. Defendant [6] HGX Dominicana SRL ("[6] HGX") is a corporation organized and registered under the laws of the Dominican Republic,with ofices at Jose Reyes St # 48, Zona Colonial, 10210, Santo Domingo , Dominican Republic, represented by defendant[11] WS Pierluisi. [6] HGX is owned by defendant [9] Fideicomiso WMP, with [11] WS Pierluisi and Mr. Juan Carlos Loubriel holding a minority stake under 6%. HGX is not an insider as defined in 28 U.S.C. 3301(5).

8. Defendant [7] Bosque Verde L.L.C. ("[7] Bosque Verde") is a limited liability company organized and registered under the laws of the Commonwealth of Puerto Rico, represented by Mr. Juan Carlos Loubriel. Bosque Verde is not an insider as defined in 28 U.S.C. 3301(5). Denied the rest of the allegation because lacks sufficient knowledge to admit or deny.

9. Defendant [8] Janus Builders L.L.C. ("[8] Janus") is a corporation organized and registered under the laws of the Commonwealth of Puerto Rico, represented by Mr. Juan Carlos Loubriel. [8] Janus is not an insider as defined in 28 U.S.C. 3301(5). Denied the rest of the allegation because lacks sufficient knowledge to admit or deny.

10. Defendant [9] Fideicomiso WMP ("[9]WMP Trust Fund"), admitted. WMP Trust Fund is not and insider as defined in 28 U.S.C. 3301(5).

11. Defendant [11] WS Pierluisi is a businessman, of legal age, married, resident of Kissimmee, FL and hold real estate interest in Puerto Rico. [11] WS Pierluisi is named as defendant to this action because he may claim an interest in the properties or transactions as to which plaintiff is seeking a remedy and as representative of defendants [4] Pier,[5] PRG,[6] HGX and [9] WMP Trust Fund.

12. Defendant [12] MB Pierluisi, admitted. MB Pierluisi is also the representative of defendant [3] Atardeceres.

13. Defendant [13] PA Pierluisi is a single woman of legal age, with residence in Puerto Rico. Admitted the rest of the allegation.

14. Defendant [14] Banco Popular de Puerto Rico (' Banco Popular"), neither denied nor accpted due to lack of information and/or knowledge.

III. GENERAL ALLEGATIONS

1. Admitted.

2. Admitted

3

## A. Real Estate Properties

3. WR Pierluisi admits the facts surrounding the ownership and encumbrances of the properties mentioned but denied that the donations of these properties to the WMP Trust Fund was made with any fraudulent intent. The donations was conducted in compliance with legal requirements and in good faith and not having any limitation to do so. Through WR Pierluisi action's, in good faith, WR Pierluisi retained and protected enough commercial asstes to cover and comply the complete restitution.

   a. Admitted.

   b. Admitted.

   c. Admitted.

   d. Admitted.

   e. Admitted.

## B. Affiliates and Insiders

4.

   a. Admitted in part.  MA Gonzalez-Coya played a passive role in the management of the Conjugal partnership and no role in any other company besides here obligation to grant her signature when requested by WR Pierluisi.

   b. Denied. WS Pierluisi does not own any of the companies in reference. He is the current administrator and president of [4] Pier, [5] PRG, in which has an ownership participation of 20% and [6] HGX Dominicana where he has an ownership participation of 3%.

   c. Denied. WS Pierluisi is Vice-president of defendant [3] Atardeceres, while MB Pierluisi is the President and [13] PA Pierluisi is the Secretary. The owner of 100% of [3] Atardeceres is defendant [9] WMP Trust Fund.

d. Denied in part. Mr Juan Carlos Loubriel is currently a business associates and friend of defendant [1] WR Pierluisi and his family. Mr Loubriel was engaged as an independent contractor by AMAC as CEO, since August 1, 2023, and had never served as a contracted employee of [2] AMAC before said date.

e. Admitted.

## IV. CRIMINAL INVESTIGATION AND FRAUDULENT TRANSACTIONS

WR Pierluisi admits that it engaged in various transactions with different entities and individuals but denied that these transactions were conducted with any intent to defraud creditors, much less the United States of America. The transactions were undertaken in the ordinary course of business and with the intent to manage corporate and personal finances in a lawful manner and guarantee the payment of the restitution imposed to the federal government by protecting its remaining interest and assets, as well as investing its liquid assets through legitimate business transactions ;;;this after the Government refusal of acceptance of payment in full through its lead federal prosecutor as part of the negotiation of the plea agreement in the criminal case  and while not having any limitations to do so.

## A. Criminal Investigation and Prosecution

WR Pierluisi admits it became aware of a criminal investigation in October 2022 and that it entered into a plea agreement in April 2023. However WR Pierluisi denies any allegations that its actions during this time were intended to defraud creditors or the United States of America.

1. Admitted

2. Admitted that WR Pierluisi became aware of an ongoing investigation since the date of the warrant. Denied the rest of the allegation.

3. Admitted.

4. Admitted

5. Admitted but clarify that the negociations were thru WR Pierluisi legal representation.

6. Admitted. Clarify that was on April 13, 2023.

7. Admitted.

8. Admitted.

9. Denied because lacks sufficient knowledge to admit or deny.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted. The correct amount was $ 3,712,000.00

14. Admitted but clarify that was since the signature of the plea agreement.

15. Admitted.

16. Admitted but clarify that was since the signature of the plea agreement.

17. Denied because lacks sufficient knowledge to admit or deny. Also, Atardeceres is not an affiliate of AMAC, WS Pierluisi is his Vice-president and is not the owner. Atardeceres is not an insider as defined in 28 U.S.C. 3301(5). Atardeceres is currently an ongoing concern, specifically a real estate venture, whose feasibility is currently being jeopardized by the federal government claim.

18. Denied because lacks sufficient knowledge to admit or deny. Pier is not an affiliate of AMAC. WS Pierluisi is his representative as President , is not the owner. Pier is not an  insider as defined in 28 U.S.C. 3301(5). Pier is currently an ongoing concern, specifically a real estate management company with substantial capital in commercial assets, whose feasibility is currently being jeopardized by the federal government claim.

19. Denied because lacks sufficient knowledge to admit or deny. PRG is not an affiliate of AMAC. WS Pierluisi is his representative as President and is a co-owner with 20% of participation. PRG is not an insider as defined in 28 U.S.C. 3301(5). PRG is currently an ongoing concern, specifically a real estate development company, whose feasibility is currently being jeopardized by the government claim.

20. Denied because lacks sufficient knowledge to admit or deny. HGX is not an affiliate of AMAC. WS Pierluisi is his representative as President but is not the owner. HGX is not an insider as defined in 28 U.S.C. 3301(5). HGX is currently an ongoing concern, specifically a real estate venture, whose feasibility is currently being jeopardized by the government claim.

21. Denied because lacks sufficient knowledge to admit or deny. Bosque Verde is not an affiliate of AMAC. Bosque Verde is not an insider as defined in 28 U.S.C. 3301(5). Bosque Verde is currently an ongoing concern, specifically a real estate venture, whose feasibility is currently being jeopardized by the government claim.

22. Denied because lacks sufficient knowledge to admit or deny. Janus is not an affiliate of AMAC. Janus is not an insider as defined in 28 U.S.C. 3303(5). Janus is currently an ongoing concern, specifically a construction company, whose feasibility is currently being jeopardized by the government claim.

23. Denied because lacks sufficient knowledge to admit or deny. WMP Trust Fund is not an affiliate of AMAC. Is not an insider as defined in 28 U.S.C. 3301(5).

24. Admitted but clarify that was since the signature of the plea agreement.

25. Denied because lacks sufficient knowledge to admit or deny. Even if he/she knew, it does not mean he/she knew about WR Pierluisi and AMAC complete financial capacity and/or the transactions where limited in any way.

26. Denied because lacks sufficient knowledge to admit or deny. Even if he/she knew, it does not mean he/she knew about WR Pierluisi and AMAC complete

financial capacity and/or if the transactions where limited in any way.

27. Denied because lacks sufficient knowledge to admit or deny. Even if he/she knew, it does not mean he/she knew about WR Pierluisi and AMAC complete financial capacity and/or if the transactions where limited in any way.

28. Denied because lacks sufficient knowledge to admit or deny.


B. Scheme to Render Debtors Insolvent


1. Donations of March 3, 2023


WR Pierluisi admits the facts concerning the donations but denies that these donations were made to render WR Pierluisi insolvent. The donations were made as part of a broader estate planning strategy in a lawful and prudent manner.


2. Two deposits of more than $3.8 million in Employment Retention Tax Credits into [2[ AMAC's bank account.


WR Pierluisi admits the receipt of the Employment Retention Tax credits but denies any implication that the funds were misused. The funds were deposited into AMAC's bank account and used in accordance with the corporation financial management policies.


3. $2.9 Million Unsecured Loan of Corporate Funds from [2] AMAC to [1] WR Pierluisi


WR Pierluisi admits that a loan was made to WR Pierluisi but denies that the loan was made with fraudulent intent. The loan was a legitimate financial transaction, intended to address the immediate financial obligations and

needs of WR Pierluisi and was fully documented.

4. Satisfaction of Half Million Dollars in Mortgages to Benefits [11] WMP Trust Fund

WR Pierluisi denies any wrongdoing in the satisfaction of mortgage. Was part of the properties donations , as part of a legitimate estate planning and not with the intent to defraud the United States of America or any other creditors.

5. Deposit of more than $ 3 Million in Employment Retention Tax Credits into [2] AMAC's bank account

WR Pierluisi admits the deposit but denied that the funds were misused or that the deposit was part of any fraudulent scheme.

6. $ 2.2 Million in Unsecured Loans from [2] AMAC to Insiders on May 23,2023.

WR Pierluisi admits the loans but denies that were made with fraudulent intent and/ or made to insiders. These transactions were conducted in the ordinary course of business with the intent to manage corporate finances effectively and promote the best uses of funds for growth to be in better position to satisfy the restitution owed and be able to continue business.

7. $ 1.1 Million in Unsecured Loans from [2] AMAC to Insiders on June 29,2023.

WR Pierluisi admits the loans but denies that they were made with fraudulent intent, made to insiders, or that they contibuted to any insolvency. On the contrary, it is all part of a broader financial strategy to be in a better

position to satify the restitution owed and be able to continue business.

8. $ 2.1Million in Satisfaction of Mortgage from [14] Banco Popular Prperties owned by [11] WMP Trust Fund .

WR Pierluisi denies allegations of fraud concerning the satisfaction of mortgage The paid-off paymnets was part of the properties donations and as part of a legitimate estate planning transactions.

9. Tranfer of [1] WR Pierluisi's proprietary interest in Florida properties to his children, defendants [11] WS Pierluisi, [12] MB Pierluisi, and [13] PA Pierluisi and his wife [10] MA Gonzalez-Coya

WR Pierluisi denies that these transactions were made with fraudulrnt intent. The donations were part of a legitimate estate planning in a lawful and prudent manner.

10. $ 345,000 in Unsecured Loans from [2] AMAC to [11] WMP Trust Funds

WR Pierluisi admits the loans but denies that were made with fraudulent intent or that they contibuted to any insolvency.

11. $ 40,000 in Unsecured Loan from [1] WR Pierluisi to [2] AMAC.

WR Pierluisi admits the loan but denies any fraudulent intent. This was a legitimate transaction.

12. $800,000in Unsecured Loan from [2] AMAC to [4] PIER

WR Pierluisi admits that[2] AMAC made a loan of $800,000.00 to [4] Pier.

29. Admitted.

30. Denied . MA Gonzalez Coya donated and executed the donations as co-owner of those properties pursuant the Civil Code of Puerto Rico.

31. Admitted that the real estate properties were encumbered by mortgege with Banco Popular, but clarify that there were only three mortgage loans with five liens as guarantees of the mortgage loans. (one for each property).

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Denied. AMAC loan was made in due course of business and guaranteed with a promissory note that contains the terms and conditions of the loan and repayment terms.

38. Denied.

39. Admitted that the funds were not subject to any previously issued valid encumbrances. Denied the rest of the allegation.

40. Denied.

41. Admitted but clarify that the disbursement was made by AMAC as part and chargeable to WR Pierluisi loan of $ 2,946,271.18.

42. Admitted.

43. Denied, was part of the loan made to WR Pierluisi of $ 2,946,271.18.

44. Denied.

45. denied.

46. denied.

47. Denied. The paid-off of the mortgage was part of the donation of that property. Did not require a .. security agreement in exchange.

48. Denied. The disbursement of $ 467,843.93 was part of the WR Pierluisi loan of $ 2,946,271.18.

49. Denied. The WMP Trust Fund is not an insider of AMAC. WR Pierluisi nor MA Gonzalez-Coya are not part directly or indirectly, nor have any relation and/or contrl over WMP Trust Fund.

50. Admitted.

51. Denied. WMP Trust Fund is not an insider as to WR Pierluisi. WR Pierluisi are not part directly or indirectly, nor have any relation and/or control over WMP Trust Fund.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted that AMAC receive and deposit $ 6,842,753.44. Denied the rest of the allegation.

56. Admitted but denied that Atardeceres, HGX, Bosque Verde and WMP Trust Fund were insiders as defined in 28 U.S.C. 3301(5) and that AMAC did not receive reasonably equivalent value in exchange for the loans and/or warranties. Denied the rest of the allegation.

57. Admitted in part, denying that the loans were fraudulent transfers.

58. Denied because lacks sufficient knowledge to admit or deny. The loans did not require a mortgage or other real estate guarantees. The guarantees and / or security agreements are the promissory notes.

59. Denied. WS Pierluisi, MB Pierluisi and PA Pierluisi are not owners of Atardeceres. The owner of Atardeceres is WMP Trust Fund. Atardeceres is not an affiliate of AMAC. AMAC don't have control or any participation in the business or assets of Atardeceres and does not own or hold control nor exercise power over its officer or directors. Atardeceres is not an insider as defined in 28

U.S.C. 3301(5).

60. Denied. HGX is not an insider of AMAC as defined in 28 U.S.C. 3301(5).
The owner of HGX is WMP Trust Fund. HGX is not an affiliate of AMAC. AMAC dosen't
have control or any participation in the business or assets of HGX and does not own
or hold control nor exercise power over its officers or directors. Juan Carlos Loubriel
was not an employye, officer or director of AMAC. Since August 1,2023 he was contracted
as an independent contractor as CEO.

61. Denied. Bosque Verde is not an insider of AMAC as defined in 28 U.S.C. 3301(5).
Juan Carlos Loubriel was not an employee, officer or director of AMAC and was contracted
as an independent contractor as CEO on August 1, 2023. Bosque Verde also is not an
affiliate of AMAC.

62. Denied. Janus is not an insider of AMAC as defines in 28 U.S.C. 3301(5). Juan Carlos
Loubriel was not an employee, officer or director of AMAC and was contracted as an
independent contractor as CEO on August 1,2023. Janus also is not an affilate of AMAC.

63.Admitted in part. Denied that AMAC loaned to WMP Trust Fund $800,000.00. Denied that
those corporations and/or entities are insiders of AMAC and that AMAC did not receive
reasonably equivalent value in exchange for the loans or warranties. Denied the rest
of the allegation.

64. Denied because lacks sufficient knowledge to admit or deny. The loans made to Atardeceres
and PRG did not require mortgage as warranty. The warranty and/or security agreement is
the promissory note and those corporations and entities respond with all their present
and future assets.

65. Denied that Atardeceres,PRG and WMP Trust Fund are insiders of AMAC as defined in
28 U.S.C. 3301(5). Also are not affiliates of AMAC. AMAC does not have control or
participation in their business or asstes and do not own or hold control nor exercise
power over its officer or directors.

66. Admitted that WR Pierluisi and MA Gonzalez-Coya paid-off the mortgegs over the
properties donated. Clarify that are five (5) liens for only three (3) mortgage loans,

one for each property. Denied the rest of the allegation.

67. Denied. The paid-off of the 3 mortgage loans was part of the property donation to the WMP Trust Fund.

68. Denied. The donations was made legally and pursuant the Civil Code of Puerto Rico.

69. Denied, because lacks sufficient knowledge to admit or deny.

70. Denied, because lacks sufficient knowledge to admit or deny.

71. Denied. The donations was made legally and pursuant the Civil Code of Puerto Rico.

72. Denied, because lacks sufficient knowledge to admit or deny.

73. Denied.

74. Denied.

75. Denied.

76. Admitted but clarify that was a donation in compliance with all requirements establish by Florida Law. Denied the rest of the allegation.

77. Denied because lacks sufficient knowledge to admit or deny. Clarify that MA Gonzalez-Coya became aware of the amount owed by WR Pierluisi and AMAC to the plaintiff since the signature of the plea agreement.

78. Same answer of allegation 76.

79. Same answer of allegation 77. Clarify that the property is 1011 Periwinkle.

80. Same answre of allegation 76.

81. Same answer of allegation 77. Clarify property is 920 Spring Park St -201.

82. Admitted

83. Admitted.

84. Admitted. Clarify that AMAC was the entity that contract CEO Loubriel.

85. Denied.

86. Admitted.

87. Denied.

88. Admitted, but denied that was in support of a claim of insolvency.

89. Admitted that WR Pierluisi request two(2) loans against two(2) insurance policy that AMAC and WR Pierluisi have with Equitable Financial Life Insurance co, to loan that money to WMP Trust Fund. Denied the rest of the allegation because lacks sufficient knowledge to admit or deny. WR Pierluisi was incarcerated at that moment.

90. Admitted but clarified that the signature of the check was with the authorization of WR Pierluisi through a seal method, this because the new CEO was still in the process of updating signatures at the differents financial institutions( banks).

91. Denied.

92. Admitted that WR Pierluisi request two(2) loans against two(2) insurance policy that AMAC an WR Pierluisi have with Equitable Financial Life Insurance Co, to loan that money to WMP Trust Fund. Denied the rest of the allegation because lacks sufficient knowledge to admit or deny. WR Pierluisi was incarcerated at that moment.

93. Admitted but clarified that the signature of the check was with the authorization of Wr Pierluisi through  a seal method m this because the new CEO was still in the process of updating signatures at the differents financial institutions(banks).

94. denied.

95. Admitted. WR Pierluisi authorized the loan.

96. Denied.

97. Admitted . AMAC made a loan to Pier of $800,000.00 . denied the rest of the allegation

98. Denied.

99. Denied, because lacks sufficient knowledge to admit or deny.

100. denied. WR Pierluisi are consistenly trying to get an agreement to pay the restitution in a structured manner.

      C. <u>Fraduleny Transfers Resulting in Insolvency of ⌊1⌋ WR Pierluisi</u>

101. Admitted that WR Pierluisi:

          a) Donated properties belonging to the conjugal partnership to the WMP Trust Fund.

          b) Paid-off mortgage of donated properties.

c. Repaired and gave maintenance to 2 properties in
Florida an to a private vessel.
Denied the rest of the allegation.

102. Denied.

103. Admitted that WR Pierluisi donated to his childrens's part of his ownership interest in the following properties; 921 Begonia, 1011 Periwinkle, 920 Spring Park and denied the rest of the allegation.

104.Denied all the allegation, especifically:

    a. Denied

    b. Denied

    c. Denied,  was  Legally Donations after his plea agreement with the United States.

    d. Denied WR Pierluisi retains sufficient asstes to comply with the payment of the restitution agreed.

    e. Denied

    f. Denied

    g. Denied

D. Fraudulent Transfers Resulting in Insolvency of [2]AMAC

WR Pierluisi denied the allegations that these transactions were made with the intent to defraud credotors or that they result in insolvency. The transactions were legitimate and part of normal business operations

105. Admitted that AMAC:

    a. Made 10 loans

    b. That WR Pierluisi paid-off the mortgage of the apartment in Humacao, as part of the donation of this property to the WMP Trust Fund and the sources of funds are part of his loan with AMAC.

        c. That AMAC loaned $175,000 to the WMP Trust Fund and WR Pierluisi loaned $ 170,000 to the WMP Trust Fund and the sources of those funds was 2 loans from two life insurance policies with Equitable Life Insurance Denied the rest of the allegation.

106. Denied because lacks sufficient knowledge to admit or deny.

107. Denied. AMAC have sufficient assets to comply with the restitution imposed in the sentence. AMAC is not insolvent. Denied the aggregate amount allegated.

108. Denied because lacks suficcient knowledge to admit or deny.

109. Denied. AMAC are not insolvent and is able to pay the restitution imposed. WR Pierluisi are not insolvent and is able to pay the restitution imposed. Denied the rest of the allegation.

110. Denied

111. Denied. WR Pierluisi and AMAC are not insolvent and did not become insolvent because of the donations and loans made. Denied the rest of the allegation.

112. Denied.

113. Denied all the allegation, especifically:

        a. Denied

        b. Denied

        c. Denied, was loans after the plea agreement with the United States.

        d. Admitted but clarify that was loans.

        e. Denied

        f. Denied

        g. Denied

114. Denied because lacks sufficient knowledge to admit or deny.

115. Denied.

V. <u>CAUSES OF ACTION</u>

Count I- <u>AMAC's Fraudulent Transfers After Incurring Debt to the United States</u>

WR Pierluisi denies the allegations in Count I. The transactions were made in good faith with the intention of managing corporate obligations effectively, not to defraud the United States, AMAC recieved a reasonably equivalent value in exchange of the loans , AMAC was not insolvent at that time and did not becomes insolvent as result of those transactions.

1. Did not require answer.

2. Did not require answer.

3. Admitted.

4. Admitted.

5. Denied. The loans do not constitute "Transfers" as defined in 28 U.S.C. 3301(6). It is not a transfer of ownership or control of the asset in a way that intents to evade credotors or legal obligations.

6. Denied. Amac granted loans to differents business entities after the plea agreement in due course of business and in good faith.

7. Denied.

8. Denied. AMAC granted loans to three business entities that its actual CEO, Juan Carlos Loubriel, had interested in before he was contracted, and to other non-related business entities after pleading guilty, not insiders.

9. AMAC granted loans and receive reasonably equivalent value in exchange. Denied the rest of the allegation.

10. Denied, the business entities give AMAC reasonably equivalent value in exchange of the loans and receive funds in good faith.

11. AMAC is not insolvent. Denied the rest of the allegation.

12. Denied.

13. Denied all the allegation. The loans were granted in due course of business,

in good faith and AMAC receive a reasonably equivalent value in exchange. The loans were not fraudulent transactions and were not made with the intent to defraud.

14. Does not require answer. Legal remedies.

Count II- AMAC's Fraudulent Transfers Without Regard to Date of Judgment

WR Pierluisi denies the allegations in Count II. All loans were granted in accordance with legal and financial regulations, with no intent to hinder, delay or defraud the United States or creditors.

1. Does not require answer.

2. does not require answer.

3. Admitted.

4. Admitted.

5. Denied. The loans did not constitute " tnasfers" as defined in 28 U.S.C. 3301(6). It is not a transfer of ownership or control of their assets  in any way that intents to evade creditors or legal obligations.

6. Denied. AMAC granted loans to differents business entities after plae agreement in due course of business and in good faith.

7. Denied.

8. Denied. AMAC granted loans to three business entities that its actual CEO, Juan Carlos Loubriel, had interested in before he was contracted, an to other non-related business entities, not insiders, after pleading guilty.

9. AMAC granted loans and receive reasonably equivalent value in excahnge. Denied the rest of the allegation.

10. Denied, the business entities give AMAC reasonably equivalent value in exchange of the loans and receive funds in good faith.

11. AMAC is not insolvent. Denied the rest of the allegation.

12. Denied.

13. Denied.

14. Denied all the allegation. The loans were granted in due course of business,

in good faith and AMAC receive reasonably equivalent value in exchange. The loans were not fraudulent transactions and were not made with the intent to defraud.

15. Does not require answer. Legal remedies.

Count III- <u>AMAC's Fraudulent Transfers Upon Insolvency</u>

WR Pierluisi denies the allegation in Count III. AMAC was solvent at that time, and the loans were made in the ordinary course of business. AMAC receive a reasonably equivalent value in exchange of the loans and will receive a reasonable profit for the loans granted.

1. Does not require answer.

2. Does not require answer.

3. Admitted.

4. Admitted.

5. Denied. The loans do not constitute " Transfers" as defined in 28 U.S.C. 3301(6). It is not a transfer of ownership or control of the asset in a way that intents to evade creditors or legal obligations.

6. Denied. AMAC granted loans to differents business entities after plea agreement in due course of business and in good faith.

7. Denied.

8. Denied. AMAC granted loans to three business entities that its actual CEO, Juan Carlos Loubriel, has interested in before he was contracted, and to other non-related business entities, not insiders, after pleading guilty.

9. AMAC granted loans and receive reasonably equivalent value in exchange. Denied the rest of the allegation.

10. Denied, the business entities give AMAC reasonably equivalent value in exchange of the loans and receive funds in good faith.

11. AMAC is not insolvent. Denied the rest of the allegation.

12. Denied.

13. Denied. AMAC have sufficient assets to comply with the restitution .

14. Denied.

15. Denied all the allegation. The loans were granted in due course of business, in good faith and AMAC receive a reasonably equivalent value in exchange. The loans were not fraudulent transactions and were not made with the intent to defraud

16. Does not require answer. Legal remedies.

COUNT IV- <u>AMAC's Fraudulent Transfers to Defraud Creditors Under Puerto Rico Law</u>

1. Does not require answer.

2. Does not require answer.

3. Does not require answer.

4. Admitted.

5. Admitted.

6. Denied. The loans do not constitute "Transfers" as defined in 28 U.S.C. 3301(6). It is not a transfer of ownership or control of the asset in a way that intents to evade creditors or legal obligations.

7. Denied. AMAC granted loans to differents business entities after plea agreement in due course of business and in good faith.

8. Denied.

9. Denied. AMAC granted loans and receive reasonable equivalent value in exchange. The loans were not gratuitous , were legitimate business transactions duly guarantee with promissory notes that contains the term and conditions negociated.

10. Denied.

11. Denied.

12. Denied.

13. Denied. The loans granted by AMAC was made in due course of business and receive a reasonably equivalent value in exchange. The Loans were not fraudulent transactions and/ or gratuitous transactions and was not made with the intent to defraud the creditors and/or the United States.

COUNT V- <u>WR Pierluisi's Fraudulent Transfers After Incurring Debt to the United States</u>

WR Pierluisi denied the allegations in Count V. The transactions were legitimate and conducted in compliance with all relevant laws. WR Pierluisi receive reasonably equivalent value in exchange. WR Pierluisi was not insolvent at that time and did not become insolvent as result of the transactions made.

1. Does not require an answer.

2. Does not require an answer.

3. Admitted.

4. Admitted.

5. Admitted in part. Clarify that the transaction did not consitute "transfers" as defined in 28U.S.C. 3301(6), were donations, expenses and loans granted in good faith, due course of bussinnes under the agreed terms and conditions and duly documentated in compliance with Puerto Rico and Florida Law. WR Pierluisi and AMAC receive reasonably equivalent value in excahnge.Denied the allegated amounts.

6. Denied. Did not constitute "Transfers" as defines in 28 U.S.C. 3301(6). They were donations, loans and necessarry expenses.

7.Denied. WR Pierluisi made donations, loans and incured in expenses in due course of business, in good faith and in compliance with the laws of Puerto Rico and Florida.

8. Denied.

9. Denied. WMP Trust is not an insider as defined in 28 U.S.C. 3301(6).

10.Denied.

11. Denied.

12. WR Pierluisi is not insolvent. Denied the rest of the allegation.

13. Denied.

14. Denied. The donations, loans and expenses incurred wer not fraudulent transactions, did not constitute transfers as defined in 28 U.S.C. 3301(6) and WR Pierluisi is not insolvent, and was made with not intent to hinder, delay or defraud.

15. Did not require answer. Legal remedies.

## COUNT-VI. WR Pierluisi's Fraudulent Transfers Without Regard to Date of Judgment

WR Pierluisi denies the allegations in Count VI. The Donations, loans and incurred expenses were not fraudulent transactions and was made with no intent to hinder, delay or drefaud the United States.

1. Does not require answer.

2. Does not require answer.

3. Admitted.

4. Admitted.

5. Denied. The transactions made did not constitute transfers as defined in 28 U.S.C. 3301(6). Were donations , loans and incurred expenses, Denied the aggregate amount allegated.

6. Denied.

7. Denied. WR Pierluisi made donations, loans and incurred in expenses in due course of business, in good faith and in compliance with the laws of Puerto Rico and Florida.

8. Denied.

9. Denied.

10. Denied.

11. Denied. WR Pierluisi is not insolvent.Denied the rest of the allegation.

12. Denied.

13. Denied.

14. Denied. The Donations,loans and expenses incurred were not fraudulent transactions, did not constitute transfers as defines in 28 U.S.C. 3301(6), and was made with no intent to hinder, delay or defraud the United States.

15. Did not require answer. legal remedies.

COUNT VII- <u>WR Pierluisi's Fraudulent Transfers Upon Insolvency</u>

WR Pierluisi denies the allegations in Count VII. WR Pierluisi was solvent at that time, and the donations were made in a lawful and prudent manner. WR Pierluisi is not insolvent and have sufficient assets to comply with the restitution.

1. Does not require answer.

2. Does not require answer.

3. Admitted.

4. Admitted.

5. Denied that the donations, loans and incurred expenses were fraudulent transfers as defined in 28 U.S.C. 3301(6). Denied the aggregate amount alleged.

6. Denied.

7. Denied that the donations, loans and incurred expenses were fraudulent transfers as defined in 28 U.S.C. 3301(6). Were made before and after agreed the amount of the restitution in the criminal case.

8. Denied  that the were fraudulent transfers and to insiders related to him except [1] AMAC.

9. Denied.

10. Denied.

11. WR Pierluisi are not insolvent. Denied the rest of the allegation.

12. Denied.

13. Denied.

14. Denied. Were not fraudulent transfers and were not made with the intent to defraud

15.Does not require answer. Legal remedies.

COUNT VIII- WR Pierluisi's Fraudulent Transfers to Defraud Creditors Under
          Puerto Rico Law

1. Does not require answer.

2.Does not require answer.

3. Does not require answer.

4. Admitted.

5. Admitted.

6.Denied. The loans do not constitute " Transfers" as defines in 28 U.S.C. 3301(6).
It is not a transfer of owership or control of the asset in a way that intent to
evade creditors or legal obligations.

7. Denied.

8. Denied , the donations, loans and incurred expenses were not fraudulent
transfers as difined in 28 U.S.C. 3301(6). Were made before and after agreed the
amount of the restitution in the criminal case.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied. were not fraudulent transfers and were not made with yhe intent to
defraud creditors or the United States.


COUNT IX - Joinder Regarding AMAC Disbursed Funds

1. Does not require answer.

2. Admitted.

COUNT X- Joinder Regarding the Fraudulent Pierluisi Transfers

1. Does not require answer.

2. Admitted

VI. <u>DEFENSES</u>

1. <u>Failure to State a Claim</u>: The complaint fails to state a claim upon which relief can be granted. WR Pierluisi denies engaging in fraudulent transfers transactions and asset that the plaintiff has not sufficiently demonstrated that WR Pierluisi and/or AMAC transactions were intended to defraud the United States and/or creditors or evade their financial obligations.(see exhibit A)

2. <u>Failure to State a Claim</u>: The complaint fails to state a claim upon which relief can be granted. WR Pierluisi denies that AMAC engage in fraudulent transfers transactions and assets that plaintiff has not sufficiently demonstrated that AMAC and/or WR Pierluisi transactions were intended to defraud the United States and/or creditors or evade their financial obligations.  (see exhibit B)

3. <u>Good Faith and Fair Dealing</u>: WR Pierluisi asserts that it and AMAC at all time acted in good faith and in accordance with its legal obligations. The actions by AMAC and WR Pierluisi, including the protection of assets and the management of financial resources were aimed at ensuring the availability to fulfill restitution obligations and continuos business, not to defraud or evade creditors. The legality and formality of the transactions made, the proposed revised restitution payment plan, the ststus reports and other documentation provided to the plaintiff in due course of business are evidence of this good faith.

4. <u>Substantial Compliance</u>: WR Pierluisi and AMAC hassubstantially complied with all applicable laws, regulations and orders, including providing full disclosure to the plaintiff. WR Pierluisi and AMAC actions, including the proposed restitution payment plan and regular reporting demonstrated substantial compliance with its obligations.

5. <u>Acts of Plaintiff</u>: Any delay or difficulty in fulfilling restitution obligations is attributable to factors beyond WR Pierluisi and AMAC control, including the lack of interest of the United States Financial Litigation Program Office and/or the

United States Attorney Office for the District of Puerto Rico, to consider the proposed restitution payment plan submitted by AMAC or enter in an open discussion to try reach an agreement and the lack of collection efforts to co-defendant [2] E Pierluisi and [3] D Velez in criminal case 3:23-cr-00148-CVR, that were active participant in the alleged ilegal scheme and are joint and several responsable of the restitution with AMAC, with the intent to shift all responsability and/or losses to only co-defendant [1] WR Pierluisi and [4] AMAC.

6. <u>Acts of Third Parties</u>: Any delay or difficulty in fulfilling restitution obligations is attributable to factors beyond WR Pierluisi and AMAC control, including delays in payments of receivables of AMAC, from Municipal and Government entities, which have impacted Amac's ability to expedite restitution payments. WR Pierluisi and AMAC has made every effort to resolve these issues and continues to work towars fulfilling its obligations.

7. <u>Lack of Indispensable Parties</u>: There are currently two parties not accounted for in this complaint that need to be joined. Co-defendant [2] E Pierluisi and [3] D Velez in criminal case 3;23-cr-00148-CVR are responsable joint and severable of the restitution. They have to pay the proportion of the loss attributable to its actions directly to the plaintiff and/or pay to WR Pierluisi or AMAC the amount of money that them paid in their behalf.

8. <u>Not Voidable Transactions:</u>

a) AMAC loans to business entities receive a resonably equivalent value in exchange for the loans made. 28 U.S.C. 3303(b) and 3304(a)(1).

b) AMAC was not insolvent at that time or become insolvent because the loans made. 28 U.S.C. 3302 and 3304(a)(1)(B).

c) AMAC retain and has sufficient assets to comply with the amount imposed and owed to the United States. 28 U.S.C. 3304(b)(1)(B)(i).

d) The loans made by AMAC to WR Pierluisi and to the business entities were made in due course of business, not to hinder, delay or defraud. 28 U.S.C. 3304(b)(1)(A);

28 U.S.C 3307(f)(2); 28 U.S.C.3304(2). WR Pierluisi or AMAC did not retained possesion or control of the property or assets of those non-related business entities and retain sufficient assets to comply with the restitution; receive a reasonably equivalent value in exchange and was not insolvent at that time or become insolvent due to the transactions made. All transactions were legally and formally made and documented and timely disclose to the United States as part of the financial reports.

e) The United States cannot claim judgment in excess of the amount owed and cannot claim intesest over the amount due and/or any other charges that were not agreed and imposed in the criminal sentence in case 3:23-cr-00148-CVR.28 U.S.C. 3307 (a).

f) All business entities took loans in good faith and AMAC receive a reasonably equivalent value in exchange. 28 U.S.C. 3307 (a).

g) AMAC made loans to the business entities as investments in a effort to increase its assets in due course of business and in good faith.

h) The loans made to the business entities were not made with the intention of undermining his creditors. 31 L.P.R.A. 6231.

i) The loans made by AMAC were not fraudulent transfers with the intent to deraud the United States. 28 U.S.C. 3301(6) and 28 U.S.C. 3304(b)(1)(A).

j) The business entities are not insiders as defined in 28 U.S.C. 3301(5).

k) The donations and loans made by WR Pierluisi was made legally under due course of business and not wade with the intent to defraud the United States. 28 U.S.C. 3304(B)(1)(A) and 3304(2). WR Pierluisi did not retained possesion or control of the properties or assets of those non-related entities and retain sufficient assets to comply with the restitution, was not insolvent at that time or become insolvent due to the donations and loans made. All transactions were legally and formally made and documented and timely disclose to the United States as part of the financial reports.

l) WR Pierluisi was not insolvent at the that time or become insolvent because the donations and loans made. 28 U.S.C. 3302 and 3304(a)(1)(B).

m) WR Pierluisi retain and have sufficient assets and are capable to comply with the amount of restitution imposed and owed to the United States. 28 U.S.C. 3304 (b)(1)(B)(i).

n) The donations made by WR Pierluisi in due course of bisiness to a non-related entity ,WMP Trust Fund and his childrens in good faith, was not made with the intention of undermining his creditors. 31 L.P.R.A. 6231.

o) The donations of conjugal properties made by WR Pierluisi are not voidable. Those properties are excluded from the definition of "assets" or property of the debtor, among others;(a) property to the extent it is encumbered by a valid lien and (c) an interest in real property held in tenancy by the entirety, or as part of a community estate. 28 U.S.C.§^3301(2).

p) Plaintiff fails to state a valid claim for relief over the conjugal properties donated by WR Pierluisi, co-owned by him and his wife Marcia Gonzalez-Coya. The allegations in the complaint did not support that those properties were "assets" subject to a fraudulent conveyance action under Federal Debt Collection Act. 28 U.S.C. 3203(a)

q) Plaintiff fails to state a valid claim for relief as the allegation did not establish that debtor WR Pierluisi had or would have a substantial nonexempt interest to place the conjugal properties within the reach of a fraudulen avoidance action under the federal Debt collection Act. 28 U.S.C. 3203(a).

r) The conjugal properties donated by WR Pierluisi that were co-owned by him and his wife are not subject to esecution under Federal Debt Collection Act, shall be subject to execution to the extent such property is subject to execution under the law of the state in which is located. 28 U.S.C. 3203(a).

s) Plaintiff fails to state a valid claim under Puerto Rico state law, at its lacks of any allegations, any factual content to plausibly establish thet WR Pierluisi conspired to defraud anyone and/or conspired with anyone to render him

or AMAC insolvent to deprive the United Sttaes of its ability to collect the restitution, requirement under the Puerto Rico stste law in order for a rescissory action.

t) Rescissory action under Puerto Rico stste law is an exceptional remedy and subsidiary in nature and will only proceed in cases provided for in the law and when the injured party lacks any other legal recourse to obtain reparation for the damage. In this case did not proceed since WR Pierluisi and AMAC are not insolvent and are able and capable to paid the restitution.

9. <u>Failure to State a Claim</u>:  Plaintiff fails to state a vaild claim as did not met with the standard set forth in Federal Rules of Civil Procedures 9(b), that require specific and details allegations with particularity and the cirscunstances that constiyute the fraud.

10. <u>Failure to State a Claim</u>: The United States cannot affect the right and/or property interest of third parties or entities that took loans in good faith and give reasonably equivalent value in exchange and/or receive donations in good faith. 28 U.S.S. 3307(a).

11. <u>Partial Payments and Collection Efforts</u>:WR Pierluisi in his personal capacity and as shareholder of AMAC, request AMAC CEO Juan C. Loubriel to formally notify and compel co-defendants, ⌊3⌊ Atardeceres;⌊4⌋ Pier;⌊5⌋PRG; ⌊6⌋HGX;⌊7⌋Bosque Verde;⌊8⌋ Janus,⌊9⌋ WMP Trust Fund, as debtors of AMAC and included in this complaint, without affecting their going concern to pre-pay their loans and made all other necesarry collection efforts to other debtors of AMAC as Municipio de Yauco; Departamento del Trabajo y Recursos Humanos and Fondo del Seguro del Estado, to accelerate the payment of the restitution to the United States. As of today, ⌊4⌋ Pier will paid-off his loan of $ 800,000.00 and will contribute to made a partial payment of approximately $500,000.00 of WMP Trust Fund loan, this with the sales of two properties dully authorized by this Court. Also Municipio de Penuelas certify the amount of $ 83,853.75 in favor of the United States for a total partial payment of $ 1,383,853.75 as part of WR Pierluisi restitution joint and severably with AMAC.

This Court should allow the continuance of the collection efforts and partial payments for a reasonable period of time in order to maximize the proceeds of the liquidation of AMAC assets and comply with the 100% of the restitution.

VII. <u>AFFIRMATIVE DEFENSES</u>

1. <u>RELEASE</u>: WR Pierluisi reassersts and incorporates herein by reference the answer to the complaint and the allegations in the counterclaim filed in this proceedings. The action and conduct of the United States Attorney office for the District of Puerto Rico not taking any measure or action to collect the proportion of the loss attributable to co-defendants [2] E Pierluisi and [3] D Velez actions and imposed as restitution to them in the criminal case 3:23-cr-00148-CVR, is in fact an expressly release to those co-defendants, that benefit co-defendant [4] AMAC. The Plaintiff should absorb the portion of that amount owed by those co-defendants. The plaintiff is estopped from collecting that portion of debt out of co-defendant [4] AMAC.

This Court shall after due proceedings release co-defendant [4] AMAC for the amount imposed in restitution to co-defefendant [2] E Pierluisi and [3] D Velez due to the expressly release from the plaintiff.

2. <u>PAYMENT/CREDIT OF AMOUNT OF MONEY COLLECTED</u>: The United States has already collect money attributable to the losses in this case from differents co-defendats involved in criminal case 3:23-cr-00148-CVR and/or others related participants in the allegated ilegal scheme, that has to be credit to the restitution amount owed to the United States. Those persons and/or entities are: Co-defendant [4] AMAC; co-defendant [2] E Pierluisi; co-defendant [3] D Velez and other related participants, Luis Agosto Melendez: Martin Cruz Vazquez; Coolbreeze Air Conditioning Corp; Five Star Pest Control Corp. This Court after due proceeding shall credit the amount of money collected by the United States Attorney Office for the District of Puerto Rico for this reason.

VIII.                          VIII. <u>COUNTERCLAIM</u>

WR Pierluisi in his personal capacity and as shareholder of AMAC hereby brings this counterclaim against the plaintiff, United states of America, pursuant Rules 13,14,19 and 20 of the Federal Rules of Civil Procedures.

1. On October 2022, the federal Bureau of Investigation ("FBI") execute a search warrant for co-defendant [1] WR Pierluisi, [2] E Pierluisi, [3] D Velez and [4] AMAC business premises related to criminal case 3:23-cr-00148-CVR.

2. Upon execution of the search warrant, co-defendanys mentioned herein before, became aware of an ongoing criminal investigation against all of them.

3. After that date and during the next few months all co-defendants, separatelly, began conversations thru their legal represatation and negociated with the United States Attorney Office for the District of Puerto Rico, the language and terms of an information and plea agreement, that were filed oh April 14,2023 for co-defendants [1] WR Pierluisi , [4[ AMAC and [2[ E Pierluisi and around May thru June 2023 for co-defendant [3] D Velez.

4. On April 14,2023 co-defendants [1] WR Pierluisi, [4] AMAC and [2] E Pierluisi, plead guilty pursuant to the information and plea agreement filed in the criminal case 3:23-cr-00148-CVR ( violation of Title 18 U.S.C. §666).

5. Around August-September 2023 co-defendant [3] D Velez plead guilty pursuant to the information and plea agreement files in the criminal case 3:23-cr-00148-CVR. (violation Title 18 U.S.C.§666).

6.The plea agreement executed by WR Pierluisi, provide that co-defendant [1] WR Pierluisi agreed to entry for an order of restitution against it and in favor of the United States in the amount of $ 2,035,048.86 joint and severable with co-defendant [4] AMAC.

7. The plea agreement executed by [2] E Pierluisi, provided that co-defendant [2] E Pierluisi agreed to entry for an order of restitution against it in favor of the United States in the amount of $ 363,202.00, joint and severable with co-defendant [4] AMAC.

8. The plea agreement executed by ]3] D Velez, provided that co-defendant [3] D Velez agreed to entry for an order of restitution against it and in favor of the United States in the amount of $ 876,639.00 joint and severable with co-defendant [4]AMAC.

9. The plea agreement executed by [4] AMAC provided that co-defendant [4] AMAC agreed to entry for an order of restitution against it and in favor of the United States in the amount of $ 3,712,000.00 joint and severable with co-defendants [1] WR Pierluisi, [2] E Pierluisi and [3] D Velez for his vicarious liability.

10. That co-defendant [4] AMAC was included as co-defendant in the criminal casr 3:23-cr-00148-CVR by the United States Attorney Office for the District of Puerto Rico, because his vicarious liability, for acts and omissions of their Directors and Officials involved in the allegated ilegal scheme.

11. After plead guilty co-defendant [4] AMAC begins efforts with the United States Attorney office for the District of Puerto Rico, making various offers, with the intention and interest to establish a structure payment plan to comply with the restitution. The United States Attorney Office for the District of Puerto Rico did not consider and/or answer those petitions.

12. On February 29, 2024 co-defendant WR Pierluisi received at FPC Pensacola Prision Camp, where is incarcerated, serving his sentence of 43 months a notice of default for not comply with his financial obligation and/or restitution imposed as part of the sentence.

13. Co-defendant [1] WR Pierluisi was advised that the restitution debt is delinquent if payment is more that 30 days late and in default when payment is more that 90 days late. Moreover was advised that Title 18 U.S.C. §3613(a)(1)

stated that upon fiding that the defendant is in default, the Court may take any neccessary action to obtain compliance with the order of restitution, including the application of § 3614(a)(b)(1), re-sentence the co-defendant to any sentence which might originally have been imposed.

14. On July 25, 2024 the United States Attorney Office for the District of Puerto Rico filed a complaint against co-defendant [1] WR Pierluisi, Co-defendant[4] AMAC and others, with unfounded allegations of fraudulent transfers under Title 28 U.S.C. 3304 and 18 U.S.C. 3664 (m)(1)(a)(ii), arguing that leave co-defenfdant [1] WR Pierluisi and co-defendant[4] AMAC insolvent and incapable of paying the restitution order and requesting the nullity and voidance of all transactions.

15. Co-defendant WR Pierluisi certifies that to his best knowledge, information and belief after an reasonable inquiry the United States Attorney Office for the District of Puerto Rico  did not make any collection efforts or take any affirmative action to obtain from co-defendant [2] E Pierluisi and co-defendant [3] D Velez, compliance with the payment of the restitution imposed to them.

16. Co-defendant WR Pierluisi certifies that to his best knowledge, information and belief  after an reasonable inquiry the United States Attorney Office for the District of puerto Rico  did not declared and/or send the corresponding notice of default to co-defendants [2] E Pierluisi and [3] E Velez, for non-compliance with their financial reponsabilities and/or restitution imposed in their sentence.

17.  The United States Attorney Office for the District of Puerto Rico knew or should have knownthat co-defendant [2] E Pierluisi and [3] D Velez had and posses real estate properties and other assets and knowingly did not make any effort or take anu affirmative action against them, to collect the amount owed by them and/or the restitution imposed in their sentence.

18. The United States Attorney Office for the District of Puerto Rico knew or should have known that co-defendant [2] EPierluisi and [3] D Velez had made and took affirmative actions, including " fraudulent transfers" to avoid their

financial responsabilities and the payment of the restitution imposed by the Court
and knowingly,that only the United States Attorney Office for the District of
Puerto Rico have the cause of action and standing to request a declaration of
nullity and voidance, did not include co-defendants [2] E Pierluisi and [3] D
Velez in this complaint or in any other civil action.

19. The United States Attorney Office for the District of Puerto Rico knew or
should have known that codefendants [2] E Pierluisi and [3] D Velez were active
participants in the allegated illegal scheme and are jointly and severally
responsable to the United states for the amount imposed as restitution in their
sentence.

20. The United States Attorney Office for the District of Puerto Rico knew or
should have know that not including co-defendants [2] E Pierluisi and [3] D Velez
in this proceeding and/or other civil action, impeded and put in risk the
preservation and availability of their assets to satisfy their restitution order,
deprive co-defendant [1] WR Pierluisi and Co-defendant[4] AMAC his right of
contribution and imposed to co-defendant [1] WR Pierluisi and co-defendant [4]
AMAC an unfair allocation of financial responsability, producing a seemingly
inequitable result.

21. The United States Attorney Office for the District of Puerto Rico have the
legal responsability and should apply contribution principles(joint and severally)
to all co-defendants, as imposed in the corresponding criminal sentences and as
agreed in the plea agreements and must require co-defendants [2] E Pierluisi and
[3] D Velez to pay the proportion of the loss attributable to theirs actions.

22. The United States Attorney Office for the District of Puerto Rico shall desist
to apply indemnity principles trying to shift the losses to only co-defendants
[1[ WR Pierluisi and [4[ AMAC.

23. The intent, action and conduct of the United States Attorney Office for the
District of Puerto Rico imposed co-defendant [1] WR Pierluisi and co-defendant[4]

AMAC an unfair allocation of economic responsability, deny and deprive his right

of contribution causing damages in the amount of $ 1,239,841.00 amount of restitution

imposed in the criminal case to co-defendants [2] E Pierluisi and[3] D Velez.

XIV. <u>PRAYER FOR RELIEF</u>

Wherefore co-defendant WR Pierluisi respectfully prays,

1. That this answer to the complaint be deemed good and sufficient and that after due proceedings are had, that this Couert enter judgment in its favor for declaration of validy of all personal and business transactions made by him and [4] American Management and Administration Corporation as included in exhibit A and B.

2. Dismiss the complaint in its entirely, with prejudice.

3. Award co-defendant [4] American Management and Administration Corporation judgment against plaintiff, in its favor in the amount of the money expressly release by the plaintiff to co-defendant [2] E Pierluisi and [3] D Velez of $ 1,239,841.00 that was imposed as restitution in the criminal case 3:23-cr-00148-CVR.

4. Award co-defendant[4] American Management and Administartion Corporation judgment against the plaintiff for credit all amount of money that was already collected by the plaintiff from co-defendant[2] E Pierluisi; co-defendant [3] D Velez and other related participants in the allegated scheme such as, Luis Agosto Melendez, Martin Cruz Vazquez, Coolbreeze Air Conditioning Corp and Five Star Pest Control Corporation attributable to the losses in this case to co-defendant[3] D Velez or any other co-defendant in the criminal case 3:23-cr-00148-CVR.

5. Award judgment against co-defendant[2] E Pierluisi in the amount of $ 363,202.00 and co-defendant [3] D Velez in the amount of $ 876,639.00 in favor of the plaintiff as imposed restitution in the criminal case 3:23-cr-00148-CVR.

6. Award co-defendant [1] WR Pierluisi and co-defendant[4] American Management and Administration Corporation judgment in the amount of $ 1,239,841.00 against the plaintiff for damages caused for his actions of denying and depriving his rights of contribution against co-defendant [2] E Pierluisi and Co-defendant[3] D Velez.

7. Award co-defendant [1] WR Pierluisi and co-defendant [4[ American Management and Administration Corporation judgment against co-defendant [2] E Pierluisi and Co-defendant

[3] D Velez for the amount of money of restitution imposed to them, that co-defendant [1] WR Pierluisi or co-defendant[4] American Management and Administration Corporation pay in their behalf.

8. Award co-defendant [1] WR Pierluisi its costs and reasonable attorneys fees incurred in defending this action.

9. Grant such other and further relief as this Court deems just and proper.

## XV.  CERTIFICATION

Under Federal Rules of Civil Procedures, by signing below, I certify to the best of my knowledge , information and belief that this answer to the complaint and counterclaim; (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified , will likely have evidentiaery support after reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that , on this same date, the original foregoing document will be send to the Clerk of the Court via regular mail and copy of the same will be send to all legal representatives registered in CM/ECF system in this case.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico , this 20 December, 2024

Walter Pierluisi Isern
Pro-se Defendant
P.O. Box 21487, San Juan
Puerto Rico, 00928-1487
Tel; (787) 918-8845