
# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER R. PIERLUISI -ISERN, ET AL,<br>Defendant, Third-Party Plaintiff,<br><br>v.<br><br>EDUARDO PIERLUISI-ISERN<br><br>Third-Party Defendant. | CRIMINAL NO. 4:11-CV-1950-JAR<br><br>RECEIVED AND FILED<br>CLERK'S OFFICE USDC PR<br><br>2025 FEB 27 AM 8:38 |

## MOTION TO DISMISS THIRD PARTY COMPLAINT

COMES NOW the Third-Party Defendant, Eduardo Pierluisi-Isern, appearing *pro se*, and files this motion to dismiss the Third-Party Complaint in this case, for Failure to State a Claim Upon Which Relief can be Granted, pursuant to Fed.R.Civ.P. 12(b)(6).

### Preliminary Statement

1. On July 25, 2024, the government brought a Complaint against Walter R. Pierluisi-Isern, and various of his companies, his spouse, and his children. (Docket 1)

2. The Complaint alleged that the defendants had engaged in Fraudulent transfers from AMAC to certain named defendants. (*Id.*)

3. On January 1, 2025, Third-Party Plaintiff, Walter Pierluisi-Isern, brought a Third-Party Complaint against Eduardo Pierluisi and Davide Velez Hernandez. (Docket 97)

1

4. The Third-Party Plaintiff purports to include Eduardo Pierluisi-Isern in this Complaint, simply by reason of the claim that there is joint and several liability for the restitution imposed against him in the underlying case, identified as 23-CR-00148-CVR.[1]

## Legal Standard

A complaint should be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). When the sufficiency of a complaint is tested with a motion to dismiss under Rule 12( b)(6), the review is limited to the complaint, and the factual allegations are taken as true and construed in the light most favorable to the plaintiff, although the court is not required to accept legal conclusions cast in the form of legal as true if those conclusions cannot reasonably be drawn from the facts alleged". *Papsan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 299 (1986).

## Legal Argument

1. The Third-Party Complaint filed by Walter Pierluisi simply includes self-serving and conclusory allegations that Eduardo Pierluisi-Isern is an indispensable party to the

---

[1] On April 13, 2023, a One-Count Information was filed against Walter Pieluisi-Isern, Eduardo Pierluisi-Isern, and David Velez-Hernandez, charging all defendants with the embezzlement of property of the United States, that was under the custody and control of AMAC, (a company owned by Walter Pierluisi-Isern) and the Puerto Rico Public Housing Authority, in violation of Title 18, USC § 666(a)(1)(A). (Docket 4 of 23-CR-00148-CVR). Each of the defendants pled guilty to the Information. On July 13, 2023, a Judgment was entered against Walter Pierluisi-Isern, sentencing him to 43 months of imprisonment, a supervised release term of two years, and Restitution in the amount of $2,035,498.86 to be paid jointly and severally with defendant AMAC. Forfeiture was imposed pursuant to the Plea Agreement, that is, the defendant agreed to waive and forgo interest of claims over any proceeds of the illegal activity. (Docket 5 at ¶ 22). *See, generally, Docket 75*. The Plea Agreement for Eduardo Pierluisi-Isern provides for restitution to the United States in the amount of $363,202.28, jointly and severally with AMAC (Docket 9 of 23-CR-00148-CVR at ¶ 5), with a similar forfeiture provision. (Docket 9). AMAC (American Management and Administration Corporation) also pled guilty to the Information and signed a Plea Agreement agreeing to the payment of restitution in the amount of $3,712,000. (Docket 7 at ¶ 5 of 23-CR-00148-CVR).

litigation brought by the United States against Walter, his family, and his companies, simply by virtue of the fact that a restitution order was entered against Eduardo Pierluisi-Isern in the underlying criminal case. (Docket 94 at ¶ 4)

2. The instant litigation is not based on an attempt by the United States government to recover on the restitution imposed on the defendants. It is, by virtue of the claims made therein, exclusively based on the fraudulent transfers of property made by Walter Pierluisi-Isern and other defendants.[2]

3. The defendant does not couch his allegations conduct into a legal theory that renders Eduardo responsible for the claims brought by the government, nor any basis that renders him an indispensable party to the litigation.

4. Furthermore, the Third-Party Complaint conveniently ignores the fact that the essence of the government's complaint against Walter Pierluisi and his related entities, is not a lawsuit simply aimed at collecting the restitution amounts he and AMAC agreed to. Every single count of the Complaint alleges acts of fraud perpetrated to avoid the payment of the restitution.

5. Eduardo Pierluisi-Isern is not a party to that fraud. Neither the government's Complaint nor the Third-Party Complaint brought by Walter Pierluisi-Isern alleges that Eduardo had any part in fraudulent conduct alleged in the Complaint.

---

[2] Count I alleges AMAC's Fraudulent Transfers After Incurring Debt to the United States; Count II alleges AMAC's Fraudulent Transfers Without Regard to Date of Judgment, Count III alleges AMAC's Fraudulent Transfers Upon Insolvency, Count IV alleges Fraudulent Transfers to Defraud Creditors Under Puerto Rico Law, Count V alleges Walter Pierluisi's Fraudulent Transfers After Incurring Debt to the United States, Count VII Alleges Walter Pierluisi's Fraudulent Transfers Upon Insolvency, Count VIII alleges Walter Pierluisi's Fraudulent Transfers to Defraud Creditors Under Puerto Rico Law, and Count IX is a Joinder regarding AMAC disbursed funds. (Docket 1 Generally)

6. Consequently, even assuming the facts alleged in the Third-Party Complaint as true, they do not support the claim that Eduardo Pierluisi-Isern is an indispensable party, nor any claims that the facts alleged entitle Walter Pierluisi-Isern to relief.

7. Furthermore, the allegations in the Third-Party Complaint do not find support in the plea agreement signed by Walter Pierluisi-Isern and Eduardo Pierluisi-Isern. The restitution amount of $2,035,498.86 imposed against Walter, is to be paid jointly and severally with defendant AMAC. The Plea Agreement signed by Eduardo Pierluisi-Isern only provides for restitution in the amount of $363,202.28, for which there is joint and several liability with AMAC. *See* Footnote 1.

8. There is no indication in the Plea Agreement signed by Walter Pierluisi-Isern, which terms were thereby accepted, that makes him liable for the restitution owed by Walter or AMAC.

9. There is no evidence or allegation in the Complaint that Eduardo Pierluisi-Isern was involved in any of the acts of fraud involved in the Complaint, which were intended to deprive the United States government of restitution monies which were owed by Walter Pierluisi-Isern and AMAC, and which each of these parties agreed to pay pursuant to their respective plea agreements.

10. Consequently, there is no liability or responsibility for payment of the restitution owed by Walter Pierluisi-Isern by Eduardo Pierluisi Isern, and much less, responsibility to Walter Pierluisi or the government of the United States for the fraudulent conduct in which it is alleged that Walter Pierluisi-Isern and AMAC engaged.

WHEREFORE, the undersigned counsel hereby requests the Honorable Court to grant the Motion to Dismiss the Third-Party Complaint for the reasons herein set forth.

I HEREBY CERTIFY that on this date I personally filed a copy of this Motion with the Clerk's Office for the District of Puerto Rico, and mailed a copy to the address provided by Walter Pierluisi-Isern, P.O. Box 21487, San Juan, PR 0028-1487, and also mailed a copy to the United States Attorneys Office, Torre Chardon, Suite 1201, 350 Chardon Avenue, San Juan, PR 00918.

Respectfully submitted on this 27 day of February 2025, in San Juan, Puerto Rico.

*[signature]*
Eduardo Pierluisi-Isern
Paseo del Bosque
340 Felissa Rincon de Gautier 2102
San Juan, PR 00926