**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>*Plaintiff*<br><br>v.<br><br>**WALTER R. PIERLUISI-ISERN**<br>*Defendant, Third-Party Plaintiff*<br><br>v.<br><br>**MUNICIPIO DE YAUCO**<br>*Third-Party Defendant* | **CV. NUM. 24-1334 (CVR)** |

## MOTION TO DISMISS THE THIRD-PARTY COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Municipio de Yauco, the defendant herein, represented by the undersigned attorney and, pursuant to Federal Rule of Civil Procedure 12(b)(6), and because of a *Lack of Standing to Sue*, files this Motion to Dismiss the Third-Party Complaint and, in support thereof, states as follows:

### I.    INTRODUCTION

1. On July 25, 2004, Plaintiff, the United States of America, brought a Civil Fraudulent Transfer Complaint against Walter R. Pierluisi-Isern (hereinafter, "Pierluisi-Isern"), American Management and Administration Corporation (hereinafter, "AMAC"), a corporation organized under the laws of the Commonwealth of Puerto Rico, and multiple other co-defendants.[1]

---

[1] *See* DE No. 1.

2. Said Complaint alleges that the defendants devised a fraudulent scheme to render Pierluisi and AMAC insolvent and incapable of satisfying the restitution imposed in Criminal Case No. 23-148 (CVR).[2]

3. On December 27, 2024, the Third-Party Plaintiff, Pierluisi-Isern, filed a Third-Party Complaint against Municipio de Yauco.[3]

4. Summons in the instant case was served to Third-Party Defendant on February 3, 2025, and filed on February 12, 2025.[4]

5. On February 13, 2025, Third-Party Defendant filed *Notice of Appearance as Counsel and Motion for Extension Time.*[5]

6. On that same day, Order was filed granting Motion for Extension of Time to answer until March 26, 2005.[6]

7. Being now is a position to answer, we file this Motion to Dismiss the Third-Party Complaint for the reasons stated below.

II. LEGAL STANDARD FOR MOTION TO DISMISS PURSUANT RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

8. Rule 14(a)(2)(A) of the Federal Rules of Civil Procedure states that "[t]he person served with the summons and third-party complaint—the ''third-party defendant'', must assert any defense against the third-party plaintiff's claim under Rule 12".[7]

9. Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for a complaint to be dismissed for failure to state a claim upon which relief can be granted.[8]

---

[2] *Id.*
[3] DE No. 94.
[4] DE No. 111.
[5] DE No. 115.
[6] DE No. 116.
[7] Fed.R.Civ.P. 14(a)(2)(A).
[8] Fed.R.Civ.P 12(b)(6).

10. The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint: "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

11. The Supreme Court of the United States has stated that "[to] survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". *Ashcroft v.Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U. S. 544, at 566, 570(2007)).

### III.     LEGAL STANDARD FOR STANDING TO SUE

12. Standing involves a collocation of constitutional requirements and prudential concerns. *Valley Forge Christian College v. Americans United for Separation of Church State, Inc.,* 454 U.S. 464, 471 (1982).

13. The "case or controversy" clause of Article III of the Constitution imposes a minimal constitutional standing requirement on all litigants attempting to bring suit in federal court. In order to invoke the court's jurisdiction, the plaintiff must demonstrate, at an "irreducible minimum," that: (1) he/she has suffered a distinct and palpable injury as a result of the putatively illegal conduct of the defendant; (2) the injury is fairly traceable to the challenged conduct; and (3) it is likely to be redressed if the requested relief is granted. *See Valley Forge Christian College,* 454 U.S. at 472;

*Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979); *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 37 (1976).

14. "Beyond the constitutional requirements, the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing. Thus, this Court has held that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."" *Valley Forge Christian College,* 454 U.S. at 474 (quoting *Warth v. Seldin*, 422 U.S. at 499).

15. Ever since the United States Supreme Court decided *Santa Clara County v. Southern Pacific Railroad Co.*, 118 U.S. 394 (1886), it has been established that the Fourteenth Amendment applies to corporations, therefore granting them a form of "personhood" under the Constitution. That doctrine has been cemented by case law in all the years since, reaffirming the general rule that a corporation and its shareholders are distinct juridical persons. *In re Dein Host, Inc.,* 835 F.2d 402, 405 (1st Cir. 1987).

## IV.     ARGUMENT

16. Pierluisi-Isern filed a Third-Party Complaint against the Third-Party Defendant to claim money "owed to Co-Defendant [4] AMAC for work done and not paid".[9]

17. AMAC is a corporation organized under the laws of the Commonwealth of Puerto Rico and therefore is a distinct juridical person.

18. The legal personality of AMAC is separate and independent of the legal personality of its shareholders.

---

[9] DE No. 94.

19. AMAC has its own separate and independent assets, interests and legal representation.

20. Pierluisi-Isern, as "shareholder and owner of AMAC", has no standing whatsoever to claim relief in the name of AMAC.

21. None of the facts alleged in the Third-Party complaint, even if taken as true and construed in the light most favorable to the plaintiff, would entitle Pierluisi-Isern to relief.

22. Additionally, the Unites States Government's complaint is not aimed towards the collection of restitution nor claiming a breach of contract.

23. The Unites States Government's complaint alleges fraudulent transfer of funds, allegations in which the Third-Party defendant is not implicated.

24. Municipio de Yauco has no obligation whatsoever towards Pierluisi-Isern.

**WHEREFORE**, it is respectfully requested that this Honorable Court GRANT the Motion to Dismiss the Third-Party Complaint, for the reasons herein set forth, along with any other determination deemed fit.

**I HEREBY CERTIFY** that today the undersigned attorney filed the foregoing, using the CM/ECF system, which will send notification of such filing to counsels of record.

**RESPECTFULLY SUBMITTED**  In San Juan, PR, this March 20th, 2025.

 S/ *EDGAR L. SÁNCHEZ MERCADO*
EDGAR L. SÁNCHEZ-MERCADO
USDC-PR NO. 227004
**ESM Law Office**
255 Ponce De León Avenue
MCS Plaza Suite 1210
San Juan, PR 00917
(787) 565-0916
esmlawoffice@gmail.com
assistantesmlawoffice@gmail.com